Opinion issued March 27, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00738-CV




ELENORA S. ROBINSON, Appellant

V.

ULTRAMAR DIAMOND SHAMROCK CORP., Appellee




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2001-65276




MEMORANDUM OPINION

           Appellant, Elenora S. Robinson, appeals the summary judgment rendered by the trial
court in favor of Ultramar Diamond Shamrock Corp. (Ultramar), appellee. We affirm. 
 

BACKGROUND
           On October 7, 1997, Robinson was injured in the course and scope of her employment
with a Stop-N-Go store owned by Ultramar.


 On December 27, 2001, Robinson sued
Ultramar for negligence. Robinson alleged that, after her injury on October 7, 1997, her
supervisor told her she was covered by workers’ compensation insurance; that she saw two
physicians for treatment for her injuries; and that she relied on Ultramar’s representation
regarding coverage in not filing suit against Ultramar for negligence. Robinson alleged that
she discovered she was not covered by workers’ compensation insurance on May 21, 2001
when she sought a second opinion from a doctor who called Ultramar to confirm the
workers’ compensation coverage and was told that she had no workers’ compensation
insurance and could be treated only by health care workers approved by Ultramar. Robinson
also alleged that her claims were not barred by limitations because Ultramar fraudulently
concealed the fact that she was not covered by workers’ compensation insurance. 
           Ultramar filed a motion for summary judgment, asserting that Robinson was not an
employee of Ultramar; that Robinson had no claim for fraud, conspiracy, or negligence; and
that all of Robinson’s claims were barred by the two-year statute of limitations. Ultramar
attached several documents and two affidavits as summary judgment proof. Robinson then
filed a second amended petition, which did not assert causes of action for fraud or
conspiracy, and a response to Ultramar’s motion for summary judgment. In her response, she
objected to Ultramar’s summary judgment proof and attached her own affidavit, which
recited her allegations against Ultramar.
           Without ruling explicitly on Robinson’s objections, the trial court granted Ultramar’s
motion for summary judgment. On appeal, Robinson presents a single issue contending that
Ultramar was not entitled to summary judgment. 
DISCUSSION
Standard of Review
           We follow the usual standard for reviewing summary judgments, taking all evidence
favorable to the nonmovant as true, indulging every reasonable inference in the nonmovant’s
favor, and resolving any doubts in its favor. Randall’s Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31, 33-34 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). A defendant who relies on an affirmative
defense for a summary judgment must establish each element of that defense. Friendswood
Dev. Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996).
Statute of Limitations
           Robinson contends that Ultramar was not entitled to summary judgment because
Robinson’s objections to Ultramar’s summary judgment evidence should have been sustained
by the trial court. However, Robinson did not obtain a ruling on her objections and did not
object to the trial court’s failure to rule. Therefore, she has waived all her objections except
for any substantive challenges to the affidavits. Tex. R. Civ. P. 166a(f); Tex. R. App. P.
33.1(a)(2)(A); Bracewell v. Bracewell, 31 S.W.3d 610, 614 (Tex. App.—Houston [1st Dist.]
1999, pet. denied). However, we need not determine whether any of her challenges are to
substantive defects because we consider only Ultramar’s exhibits A, B, and C in the
disposition of this appeal.
           To determine whether Ultramar established its defense of statute of limitations, we
consider only Ultramar’s exhibit A, Robinson’s original petition. It is uncontested that
Robinson’s injury occurred on October 7, 1997. Robinson’s petition states that she reported
her injury to her supervisor and, in November 1997, sought an attorney’s advice regarding
the injury. Robinson’s original petition was filed on December 27, 2001, more than two
years after the statute of limitations barred her negligence cause of action. Therefore,
Ultramar has proved its defense of statute of limitations. 
Fraudulent Concealment and Equitable Estoppel
           Robinson contends that Ultramar cannot prevail on its limitations defense because she
has created a fact issue regarding Ultramar’s fraudulent concealment. Robinson also
complains that Ultramar’s motion for summary judgment did not address her defense of
equitable estoppel. 
           Robinson’s equitable-estoppel defense is identical to her fraudulent-concealment
defense. Both defenses are based on Robinson’s allegation that Ultramar, through
Robinson’s supervisor, falsely represented to Robinson that she was covered by workers’
compensation insurance and that Ultramar was estopped from asserting the statute of
limitations as a defense because of its false representation. 
           Fraudulent concealment is based upon the doctrine of equitable estoppel. Borderlon
v. Peck, 661 S.W.2d 907, 908 (Tex. 1983). If proved, the defense of fraudulent concealment
estops a defendant from relying on the statute of limitations as an affirmative defense until
the plaintiff discovers or, through reasonable diligence, could discover its cause of action. 
Id. Therefore, under the facts of the present case, when Ultramar challenged Robinson’s
fraudulent-concealment defense, it also challenged her equitable-estoppel defense. 
           To avoid summary judgment, a plaintiff who asserts fraudulent concealment as a
defense to the statute-of-limitations bar has the burden to raise a fact issue on each element
of its defense. Shah v. Moss, 67 S.W.3d 836, 846 (Tex. 2001). The plaintiff must show that
the defendant (1) actually knew a wrong occurred, (2) had a fixed purpose to conceal the
wrong, and (3) concealed the wrong from the plaintiff. Id. 
           As summary judgment evidence, Robinson attached her affidavit and the first two
pages of an employee handbook. The pages from the handbook did not contain any
representations regarding workers’ compensation insurance; therefore, they do not support
Robinson’s assertion of fraudulent concealment. 
           Robinson’s affidavit is merely a sworn version of the facts alleged in her second
amended petition: that an unnamed supervisor told her she was covered by workers’
compensation insurance, that she relied on this representation, and that Ultramar continued
to represent that she was covered by workers’ compensation insurance. Robinson’s affidavit
is conclusory


 in that it does not state facts showing who continued to represent that she was
covered by workers’ compensation insurance or in what manner the representation was made. 
Robinson’s affidavit does not raise a fact issue regarding any fixed purpose by Ultramar to
conceal any wrong that may have occurred or that Ultramar did, in fact, conceal any wrong. 
In addition, Ultramar’s summary judgment evidence, exhibits B and C, show that Robinson’s
employer gave notice that she was not covered by workers’ compensation insurance. Exhibit
B is a notice, signed by Robinson, which states, 
          BY SIGNING THE REVERSE SIDE I ACKNOWLEDGE THAT: 
 
•I understand that designated Diamond Shamrock locations in
Texas do not participate in the Texas Workers’ Compensation
program. 
 
•I understand that Diamond Shamrock has established the Work
Injury Program to provide benefits if I sustain an eligible work-related injury or illness. 

The side of the notice on which Robinson’s signature appears also states, 
DIAMOND SHAMROCK REFINING AND MARKETING COMPANY AND
NATIONAL CONVENIENCE STORES INCORPORATED DOES NOT HAVE
WORKERS COMPENSATION INSURANCE COVERAGE TO PROTECT YOU
FROM DAMAGES BECAUSE OF A WORK RELATED ILLNESS OR INJURY. 
 
. . . .
 
BEFORE SIGNING THIS FORM, PLEASE READ THE REVERSE SIDE CAREFULLY. 

           Robinson signed this notice on April 25, 1997. Exhibit C is a one-page document
entitled, “DIAMOND SHAMROCK WORK INJURY PROGRAM ACCIDENT REPORT.” 
In the section for medical treatment authorization, it provides in bold print, “Diamond
Shamrock Refining And Marketing Company / National Convenience Stores Incorporated
Is Not A Subscriber Under The Texas Workers’ Compensation Act.” Robinson signed this
form in two places on October 9, 1997, two days after her injury.
           Although Ultramar did not have the burden to disprove Robinson’s fraudulent-concealment defense, Ultramar’s summary judgment evidence conclusively established that
it did not conceal the fact that Robinson was not covered by workers’ compensation
insurance. 
CONCLUSION
           We affirm the judgment.  
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.